

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00104-CR

_____

CHRISTOPHER ROMINE, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR22-00033

_____

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Christopher Romine pled guilty to the second-degree felony offense of possession of a controlled substance in Penalty Group 2, of four grams or more but less than 400 grams, in exchange for eight years' confinement—probated for five years—along with a $180 restitution payment. *See* Tex. Health & Safety Code Ann. § 481.116(d). The State filed its motion to revoke community supervision just over one year later, alleging twelve violations of those conditions. Romine pled "true" to seven of the State's allegations. The trial court ultimately found six of the State's allegations "true" and sentenced Romine to seven years' confinement. *See id.*; *see also* Tex. Penal Code Ann. § 12.33 (stating that a second-degree felony punishment is two to twenty years' confinement and up to a $10,000 fine).

Romine's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991).

Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[1]

Romine did not seek access to the appellate record and did not file a pro se response. Likewise, the State did not file a response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that an appeal would be wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support an appeal. *See*

---

[1]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous.[] To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319. The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

*Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

    We grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 8, 2025